UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br>　　　　Petitioner(s),<br>v.<br>STATION CASINOS, LLC,<br>　　　　Respondent(s). | Case No. 2:22-cv-00100-RFB-NJK<br><br>**ORDER**<br>[Docket No. 11] |

　　　　Pending before the Court is a stipulation for Local Joint Executive Board of Las Vegas ("LJEB")[1] to intervene. Docket No. 11.

　　　　The only legal authority cited for the intervention request is 29 C.F.R. § 102.31(d). That regulation provides that, although an enforcement proceeding is initiated by the General Counsel in the name of the NLRB, "[n]either the General Counsel nor the Board will be deemed thereby to have assumed responsibility for the effective prosecution of the same before the court." *Id.* While that may be the case, this section of the regulations does not appear to provide standards or procedures for intervention. Instead, a request to intervene would appear to be governed by Rule 24 of the Federal Rules of Civil Procedure. *See N.L.R.B. v. Frazier*, 144 F.R.D. 650, 655-57 (D.N.J. 1992) (analyzing unopposed request for intervention under Rule 24). The instant stipulation provides no discussion of Rule 24.

　　　　Accordingly, the stipulation to intervene is **DENIED** without prejudice. Any renewed request must either (1) provide meaningful explanation why Section 102.31(d) governs a request to intervene (supported by citation to legal authority, if any such authority exists) or (2) provide

---

[1] The LJEB consists of Culinary Workers Union Local 226 and Bartenders Union Local 165.

meaningful explanation as to why intervention is appropriate based on the Rule 24 standards. Any renewed request to intervene must be filed by February 15, 2022.

IT IS SO ORDERED.

Dated: February 8, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

2